**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| OMAR GUTIERREZ, | : | Case No. 2:25-cv-797 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| WARDEN, BELMONT | : | |
| CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

**OPINION AND ORDER**

Petitioner, a state prisoner, has filed a *pro se* Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his 2018 Delaware County Court of Common Pleas guilty-plea convictions and sentence for drug trafficking.  (Doc. 1 at 2).  This matter is before the Court on Respondent's Motion to Dismiss or Transfer Successive Petition (Doc. 7), Petitioner's response in opposition (Doc. 11), and Respondent's reply (Doc. 12).  Also before the Court are Petitioner's Motions to Strike and for a Status Update.  (Docs. 9, 13).

For the reasons below, the Court **GRANTS** Respondent's Motion to Transfer (Doc. 7) and **ORDERS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a second or successive petition.  In light of the Order to transfer, Petitioner's Motions (Docs. 9, 13) are **DENIED** as moot.

**I.      BACKGROUND**

Petitioner challenges his convictions and sentence for drug trafficking in the Delaware County Court of Common Pleas, Case No. 18 CR I 01 0046.  (*See* Doc. 1 at 2).  In his grounds for relief, Petitioner asserts that:  (1) the State violated the terms of his plea agreement from an earlier,

federal case by charging him with conduct dating from September 2012; and (2) the trial court erred in denying his 2024 post-conviction motion for specific performance of the federal plea agreement. (*Id*. at 6–9).

But, as Respondent indicates, this is not the first time Petitioner has challenged his underlying convictions and sentence in this Court. In accordance with its authority to take judicial notice of proceedings in other courts as well as its own, *see Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *Saylor v. United States*, 315 F.3d 664, 667–68 (6th Cir. 2003), the Court notes that Petitioner's previous federal habeas petition was denied on April 2, 2019. *See Gutierrez v. Warden*, No. 2:17-CV-1119, 2019 WL 295500 (S.D. Ohio Jan. 23, 2019), *report and recommendation adopted*, 2019 WL 1454803 (S.D. Ohio Apr. 2, 2019). And his request for a certificate of appealability was denied by the Sixth Circuit on October 23, 2019. *Gutierrez v. Gray*, No. 19-3514, 2019 WL 6445420 (6th Cir. Oct. 23, 2019). There, Petitioner challenged the same judgment on grounds that: (1) the trial court erred by finding that it was procedurally barred from ruling on a motion to dismiss his state-court indictment; and (2) the trial court erred by alternatively denying the motion to dismiss because, according to Petitioner, the State was barred from prosecuting him for conduct that formed part of his federal conviction. *See Gutierrez*, 2019 WL 6445420, at *2.

## II.   DISCUSSION

The instant petition is second or successive. "Federal law generally gives habeas petitioners one shot to pursue their claims in federal court." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016). "But after that, the road gets rockier. To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing 28 U.S.C. § 2244(b)(3)(C), (b)(1) and (b)(2)); *see also Magwood v.*

2

*Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a second or successive petition filed without authorization and must transfer such a petition to the Court of Appeals for the Sixth Circuit for consideration. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); 28 U.S.C. § 1631.

Not all habeas corpus petitions filed second (or later) in time are "second or successive" within the meaning of § 2244(b). *Banister*, 590 U.S. at 511–12. Still, as a general rule, a petition targeting the same state court judgment challenged by a prior petition is second or successive. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). The relevant "judgment" for these purposes is the sentencing judgment. *Id*. at 156. The Sixth Circuit has provided the following roadmap for determining whether a petition is second or successive:

> A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted.

*In re Luis Alberto Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024) (internal citations omitted).

The instant Petition does not meet the above exceptions. The judgment at issue is Petitioner's ten-year sentence handed down by the Delaware County Court of Common Pleas in 2018, in Case No. 18 CR I 01 0046. (Doc. 1 at 2). This is the same judgment that he challenged in his prior Petition.

Petitioner seeks to avoid the requirements of § 2244(b) by suggesting that the instant

2

Petition is not successive because he is challenging a new, intervening judgment.  (*See* Doc. 11 at 3–4).  After Petitioner filed his first federal habeas Petition, but before he filed the instant one, Petitioner sought post-conviction relief in the state trial and appellate courts.  (*See* Doc. 7 at 4–5).  Relief was denied on all matters.  (*Id*.).

Most relevant here, Petitioner filed a Motion for Specific Performance in the trial court on January 16, 2024, requesting "findings as to the nature of [his federal plea] agreement."  (*See* Doc. 1-2 at 12 (containing a copy of the first page of the motion)).  A complete copy of the motion can be found at the Delaware County Court of Common Pleas website, at https://court.co.delaware.oh.us/eservices/home.page.20, by searching under Petitioner's name and Case No. 18 CR I 01 0046.  The motion was denied on March 25, 2024, as untimely and for reraising issues that the Ohio Court of Appeals had previously decided against Petitioner.  (*See* Doc. 1-2 at 10–11 (containing a copy of the March 25, 2024 Judgment Entry)).  Petitioner appealed, but his appeal was dismissed for want of prosecution.  (*See id*. at 19).  The Court of Appeals then denied Petitioner's motion for reconsideration, and the Supreme Court of Ohio denied further review.  (Copies of these entries, dated respectively August 8, 2024, and December 5, 2024, can also be found in Case No. 18 CR I 01 0046 at the Delaware County Court of Common Pleas website).

Petitioner appears to assert that the trial court's March 25, 2024, decision constitutes a new, intervening judgment.  (*See* Doc. 11 at 3).  But the trial court denied relief.  At most, Petitioner's challenges to the trial court's March 25, 2024 decision raise errors in Petitioner's post-conviction proceedings, which are not cognizable because "errors in post-conviction proceedings are outside the scope of federal habeas corpus review."  *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007).

Nor can Petitioner show that his challenge to the underlying 2018 judgment—that it

violated the terms of his federal plea agreement—was unripe at the time of his first Petition. Indeed, as the trial court noted in its March 25, 2024 decision denying Petitioner's Motion for Specific Performance, the issue merely recasts arguments previously raised by Petitioner, including in his initial federal habeas Petition. *See Gutierrez*, 2019 WL 6445420, at *2 (finding that reasonable jurists would not debate that Petitioner's double jeopardy claim was meritless).

Third, and finally, Petitioner fails to meet the exception for unexhausted claims. This exception "is meant to allow a petitioner to return to federal court when he has had some of his § 2254 claims dismissed as unexhausted[.]" *In re Luis Alberto Gutierrez*, 2024 WL 3333932, at *1. *See also In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (noting that the exception applies "where a federal court dismissed an earlier petition because it contained exhausted and unexhausted claims and in doing so never passed on the merits"). Here, the initial Petition was dismissed because the claims were either not cognizable on federal habeas review, as they asserted violations of state law, or were meritless. *See Gutierrez*, 2019 WL 6445420, at *2. The third exception for unexhausted claims is therefore inapplicable. *See, e.g.*, *Webb v. Steward,* No. 1:13-113, 2013 WL 6780531, at *1-2 (W.D. Tenn. Dec. 19, 2013) (finding second-in-time petition to be successive where grounds in the first-in-time petition were dismissed as non-cognizable).

## III.    CONCLUSION

Because this Court lacks jurisdiction in this matter involving a second or successive petition, it is therefore **ORDERED** that Respondent's motion to transfer (Doc. 7) is **GRANTED** and this action be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the Sixth Circuit Court of Appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."). In light of the Order to transfer, Petitioner's motions to strike and for a status update

(Docs. 9; 13) are **DENIED** as moot.

       **IT IS SO ORDERED**.

May 21, 2026                                          */s/ Kimberly A. Jolson*
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE

2